**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT D. MCKENZIE; PATTIE MCKENZIE, <br><br> Plaintiffs–Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; BOISE CASCADE WOOD PRODUCTS, LLC, a foreign limited liability company; HM, INC., a domestic business corporation; EDWARD A. HANSCOM, individually, DBA Hanscom Logging, <br><br> Defendants–Appellees. | No. 16-35942 <br><br> D.C. No. 1:14-cv-01503-CL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted June 4, 2018
Portland, Oregon

Before:  M. SMITH and MURGUIA, Circuit Judges, and KORMAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Robert McKenzie was injured while felling trees for a timber sale on federal land. In brief, a "harvest" tree of the kind McKenzie was generally supposed to fell was too close to a "reserve" hardwood tree of the kind he was generally not supposed to fell. McKenzie now argues that it would have been safer to leave both trees alone or to first fell the reserve tree to make more room for the harvest tree. But, believing job rules left him no choice, McKenzie felled only the harvest tree without clearing extra room for it. It tipped into the reserve tree that McKenzie had left standing, slid unexpectedly, and crushed him as he tried to get away.

McKenzie sued the defendants–appellants, all of which had a role in the timber sale: the United States Bureau of Land Management (BLM) owned the land, Boise Cascade Wood Products had bought the timber, and HM, Inc. (operated by Ed Hanscom) performed the logging. McKenzie himself worked for a timber-felling subcontractor hired by HM.

In his complaint, McKenzie alleged six overlapping theories of liability: (1) that the timber sale's terms were unsafe given the density of the forest and the steepness of the terrain, (2) that Boise and the BLM failed to properly delegate the responsibility for tree-feller safety, (3) that all defendants improperly required and reminded fellers or other defendants not to fell hardwoods, (4) that all defendants failed to afford fellers discretion to fell hardwoods when necessary for safety, (5) that all defendants failed to ensure fellers' safety, and (6) that all defendants failed

2

to have a relevant safety program. McKenzie brought these claims under both the common law of negligence and Oregon's Employer Liability Law, which generally requires owners and contractors to "use every device, care and precaution that is practicable to use for the protection and safety of life and limb." Or. Rev. Stat. § 654.305. His wife also brought a derivative claim, for loss of consortium. *See Horton v. Or. Health & Sci. Univ.*, 373 P.3d 1158, 1167 (Or. Ct. App. 2016). In responding to defense motions for summary judgment, McKenzie again presented several alleged grounds for liability.

The district court collapsed these issues into one: whether McKenzie was required to fell only the harvest tree or whether he had had the discretion, for safety, to fell both the harvest and the reserve trees, or neither. And the court found it beyond genuine dispute that McKenzie did have the discretion he claimed was required; he just had not exercised it. On that basis, the court granted complete summary judgment against McKenzie.

This was error. First, "'a judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam)). "[W]here evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary

judgment.'" *Id.* (quoting *Direct Techs., LLC v. Elec. Arts, Inc.*, 836 F.3d 1059, 1067 (9th Cir. 2016)). Here, McKenzie testified that he thought he was not permitted to fell in the manner he deemed safest, but was instead required to make the best he could of an unsafe situation. At oral argument, the defendants–appellants could not identify any instance in which McKenzie was clearly told otherwise. And it is unclear whether record examples of other exercises of discretion would have applied to the particular sizes and locations of trees in this instance.

Second, the court did not explain why McKenzie's discretion to make safety exceptions was, in the court's words, "the heart of [the] case," "[r]egardless of the complicated facts and legal claims." This discretion appears to be unrelated to some of McKenzie's claims—for example, that the sale's terms were unsafe for the terrain and that more supervisors should have been present. To the extent the McKenzies' claims depend on that discretion, we reverse for the reason stated. To the extent they do not, the district court did not explain what justified complete rather than partial summary judgment. *See Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1180–81 (9th Cir. 2003). We thus vacate the order entirely, which affords the district court the opportunity to address if any partial summary judgment remains warranted.

Because we reverse and vacate, we need not address McKenzie's additional arguments, that he should have been allowed to amend his complaint and that

4

summary judgment should have been denied as a sanction. The district court may wish to address these on remand.

Finally, we exercise our discretion not to rule on the defendants' asserted alternative bases for sustaining summary judgment. *Portman v. County of Santa Clara,* 995 F.2d 898, 910 (9th Cir. 1993) ("Although we may affirm the grant of summary judgment on any basis presented in the record, we are not obliged to do so."). These arguments mostly concern the scope of indirect employment, a predicate for claims under the Employer Liability Law where, as here, the defendants are not actual employers. *See Boothby v. D.R. Johnson Lumber Co.*, 137 P.3d 699, 704 (Or. 2006). Below, the district court mostly rejected these arguments, although it did not rule on all of them. On remand, the district court might re-engage its earlier decisions in fact-intensive analyses varying by defendant and theory of liability. We thus think it best to await the complete disposition of the case before we consider these arguments in a possible future appeal.

**REVERSED, VACATED, AND REMANDED.**